UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY JUSTICE and 5TH WHEEL RECORDS, INC., *each individually and on behalf of all others similarly situated*,<br><br>                              Plaintiffs,<br><br>               v.<br><br>SUNO, INC.,<br><br>                              Defendant. | Civil Action No. 1:25-cv-11739-FDS |

**MEMORANDUM IN SUPPORT OF**
**SUNO, INC.'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

FACTS ALLEGED.........................................................................................................................3

LEGAL STANDARD.....................................................................................................................4

ARGUMENT..................................................................................................................................5

CONCLUSION...............................................................................................................................8

# **TABLE OF AUTHORITIES**

Page(s)

### **CASES**

*Adams v. Warner Bros. Pictures Network*,
   No. 05-cv-5211, 2005 WL 3113425 (E.D.N.Y. Nov. 22, 2005) ................................................7

*Andersen v. Stability AI Ltd.*,
   700 F. Supp. 3d 853 (N.D. Cal. 2023) ..................................................................................2, 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................................4

*Bartz v. Anthropic PBC*,
   No. 24-cv-05417, 2025 WL 1741691 (N.D. Cal. June 23, 2025)...............................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................................4

*Blizzard Ent., Inc. v. Lilith Games (Shanghai) Co.*,
   149 F. Supp. 3d 1167 (N.D. Cal. 2015) ......................................................................................6

*Evans v. NBCUniversal Media, LLC*,
   No. 21-cv-0984, 2021 WL 4513624 (C.D. Cal. July 23, 2021)..................................................6

*Fantini v. Salem State Coll.*,
   557 F.3d 22 (1st Cir. 2009)..........................................................................................................4

*Hatch v. Dep't for Children, Youth & Their Families*,
   274 F.3d 12 (1st Cir. 2001)..........................................................................................................8

*Kadrey v. Meta Platforms, Inc.*,
   No. 23-cv-03417, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) .........................................2, 5

*Kadrey v. Meta Platforms, Inc.*,
   No. 23-cv-03417, 2025 WL 1752484 (N.D. Cal. June 25, 2025)...............................................3

*Lehrman v. Lovo, Inc.*,
   No. 24-cv-3770, 2025 WL 1902547 (S.D.N.Y. July 10, 2025)..................................................8

*Levey v. Brownstone Inv. Grp., LLC*,
   No. 11-cv-395, 2013 WL 3285057 (D.N.J. June 26, 2013), *aff'd*, 590 F. App'x
   132 (3d Cir. 2014)........................................................................................................................7

*Litchfield v. Spielberg*,
   736 F.2d 1352 (9th Cir. 1984) ....................................................................................................6

*Marshall v. Scotia Prince Cruises, Ltd.*,
    No. 03-cv-26, 2003 WL 22709076 (D. Me. Nov. 17, 2023) ...................................................... 6

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*,
    299 F. App'x 509 (6th Cir. 2008) .............................................................................................. 7

*Patel v. 7-Eleven, Inc.*,
    322 F. Supp. 3d 244 (D. Mass. 2018) ....................................................................................... 8

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010) ........................................................................................................ 7

*Piuggi v. Good for You Prods. LLC*,
    739 F. Supp. 3d 143 (S.D.N.Y. 2024) ....................................................................................... 6

*Rae v. Woburn Pub. Schs.*,
    113 F.4th 86 (1st Cir. 2024) ...................................................................................................... 4

*Schatz v. Republican State Leadership Committee*,
    669 F.3d 50 (1st Cir. 2012) ....................................................................................................... 5

*Soares v. Mass. Dept. of Youth Servs.*,
    No. 12-cv-10573, 2013 WL 5211556 (D. Mass. Sept. 12, 2013) ............................................. 8

*TMTV, Corp. v. Mass Prods., Inc.*,
    345 F. Supp. 2d 196 (D.P.R. 2004), *aff'd*, 645 F.3d 464 (1st Cir. 2011) ................................. 5

*Tremblay v. OpenAI, Inc.*,
    716 F. Supp. 3d 772 (N.D. Cal. 2024) .................................................................................. 2, 5

*UMG Recordings, Inc. v. Suno, Inc.*,
    No. 24-cv-11611 (D. Mass. Aug. 1, 2024) ............................................................................... 1

**STATUTES**

17 U.S.C. § 114(b) .......................................................................................................................... 2, 8

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................... 1, 5

Local Rule 7.1 .................................................................................................................................... 1

**OTHER AUTHORITIES**

Paul Resnikoff, *Fair Use AI Training and The Commercial Implications Thereof: The Surprisingly Strong Arguments of Suno and Udio*, DIGITAL MUSIC NEWS,
    https://www.digitalmusicnews.com/dmnpro/weekly/tzVr3pWjQUs-DMN-
    Report-06-August-V2.pdf (last visited Aug. 17, 2025) ............................................................ 1

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, Defendant Suno, Inc. ("Suno") submits this memorandum of law in support of its Motion to Dismiss a portion of the Complaint.[1] For the reasons explained below, the Court should dismiss the Second Cause of Action.

### PRELIMINARY STATEMENT

Defendant Suno offers an artificial intelligence ("AI") tool that allows users to create music. In June 2024, all of the world's major record labels sued Suno in this Court, contending that the way Suno built its tool constituted copyright infringement. *UMG Recordings, Inc. v. Suno, Inc.*, No. 24-cv-11611 (D. Mass. Aug. 1, 2024), Dkt. No. 1. In August 2024, Suno answered that Complaint, laying out its case and explaining how the tool works and was created. *Id.*, Dkt. No. 28 at 1–4 ("Answer"); *see also* Paul Resnikoff, *Fair Use AI Training and The Commercial Implications Thereof: The Surprisingly Strong Arguments of Suno and Udio*, DIGITAL MUSIC NEWS, https://www.digitalmusicnews.com/dmnpro/weekly/tzVr3pWjQUs-DMN-Report-06-August-V2.pdf (last visited Aug. 17, 2025). Ten months later, in June 2025, this tag-along lawsuit was filed. The gravamen of the present action is the same as the one it was modeled after: the named plaintiffs here, on behalf of a putative class, contend that the use of copyrighted sound recordings to build Suno's AI tool was actionable copyright infringement, not permissible fair use. But this case differs in one principal respect from the prior one: it also asserts that *outputs* of Suno's AI tool are infringing "derivative works" under the Copyright Act. *See* Dkt No. 1 ¶¶ 108–16 ("Complaint").

---

[1] On August 14, 2025, Suno informed Plaintiffs of its intent to file a Motion to Dismiss and made itself available to meet and confer regarding the Motion. Plaintiffs stated that they opposed the Motion and the parties confirmed that any further conferral would be futile.

Suno now moves to dismiss that portion of this Complaint. It fails as a matter of law. Even assuming that Suno "trained" its AI model using Plaintiffs' recordings, it is not the case that music generated by the model is invariably a derivative work of those recordings as a matter of law. That gambit that has been attempted by other plaintiffs in the wave of copyright litigation over generative AI making its way through the federal court system. And every court to have confronted the issue has concluded that just because outputs of an AI model are in the plain-English sense "derived" from a set of copyrighted works does not mean that the outputs of the model are all *prima facie* infringing "derivative works" in the copyright law sense. *See Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023); *Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 867 (N.D. Cal. 2023); *Tremblay v. OpenAI, Inc.*, 716 F. Supp. 3d 772, 778 (N.D. Cal. 2024). To state a claim with respect to infringing outputs of Suno's tool, Plaintiffs would have to start by alleging facts regarding particular outputs that are "substantially similar" to one of the eight specific works they are suing over. They have done nothing like that in the Complaint.

But even that would not solve their problem. If Plaintiffs had identified some particular "soundalike" version of their songs, which they haven't, that still would not state a claim for copyright infringement—because of the uniquely narrow scope of rights Congress prescribed for sound recordings, specifically, compared to all other copyrighted works. The only way a new recording can infringe the rights in a pre-existing one is if it borrows *the actual sounds* of the original. *See* 17 U.S.C. § 114(b). That is not how Suno's tool works at all, as Plaintiffs well know. No Suno output contains anything like a "sample" from a recording in the training set, so no Suno output can infringe the rights in anything in the training set, as a matter of law. *See* Answer at 6–8.

The parties will have ample opportunity to litigate the core issue presented in the Complaint—whether it is fair use to use copyrighted content to derive complex insights regarding how music works, in order to allow people to make songs that recognizably partake of existing genres, yet consist of new sounds arranged in novel ways. But this case should not be cluttered with an additional theory of liability that simply doesn't track the law. Suno respectfully asks the Court to dismiss Count II.

## FACTS ALLEGED

The dispositive facts for the purpose of this Motion are the ones that the Complaint does not allege. Plaintiffs explain that Suno offers a generative AI tool that outputs music. *See, e.g.*, Complaint ¶ 16. They say a bit about how Suno created that tool, largely by reference to the Answer Suno filed in the prior case. *Id.* ¶¶ 17–22 (incorporating the Answer by reference). And they say a lot about why the use of copyrighted content to train a generative AI tool should not be understood to be fair use. *See, e.g., id.* ¶¶ 6–9, 52–87. As it happens, nine days after this Complaint was filed, the first federal court to address that overarching issue decided on summary judgment that using millions of copyrighted books to train a generative AI model was fair use. *See Bartz v. Anthropic PBC*, No. 24-cv-05417, 2025 WL 1741691, at *19 (N.D. Cal. June 23, 2025). And several days later, a second judge reached the same conclusion. *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, 2025 WL 1752484, at *23 (N.D. Cal. June 25, 2025).

But the Complaint here has virtually nothing to say about any specific output of Suno's tool allegedly sounding too much like Plaintiffs' own recordings. It asserts generally that "Suno's AI Songs mimic the songs copyrighted songs" [*sic*]. Complaint ¶ 51. It makes an oblique reference to the circumstance "[w]hen a generative AI model such as Suno's produces 'near exact replicas' of sound recordings." Complaint ¶ 65. And then it asserts "[u]pon information and belief" that "Suno's generative AI model produces near exact replicas or adapt [*sic*] the original versions of

3

the copyrighted songs of Plaintiffs." *Id.* ¶ 110; *see also id.* ¶ 44 (referencing third-party "allegations … of Suno AI songs resembling or otherwise almost exactly mimicking Plaintiff's … copyrighted songs").

There is, however, no explanation in the Complaint as to why, if Suno's model truly does produce "near exact replicas" of Plaintiffs' copyrighted songs, Plaintiffs need to make such an allegation on information and belief. The tool is publicly available. Anyone can use it and see what comes out. *See id.* ¶ 50. There also is no discussion of how or why Plaintiffs believe that it is indeed possible to use Suno's model to produce near exact replicas of their songs, notwithstanding the guardrails described in the very Answer they repeatedly cite, which are specifically designed to *prevent* outputs from sounding too much like any given recording the model was trained on. *See* Answer at 4. And there are certainly no examples of anything Plaintiffs can point to that consist of an actual alleged instance of a Suno output sounding at all similar to any of the particular songs they are suing over—much less a Suno output that contains audio from one of those original recordings, as opposed to being a "soundalike."

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). In deciding a motion to dismiss, the court "must accept as true all well-pleaded facts[,] indulging all reasonable inferences in [the plaintiff's] favor." *Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st Cir. 2009) (citation and quotation marks omitted). However, the "federal pleading standard requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Rae v. Woburn Pub. Schs.*, 113 F.4th 86, 98 (1st Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted). Accordingly, courts "isolate and ignore statements

4

in the complaint that simply offer legal labels and conclusions" and take only the "complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true," determining whether those facts "plausibly narrate a claim for relief." *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). Where they do not, dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

The Complaint's allegations with respect to the outputs of Suno's tool do not state a claim for relief.

It is not enough as a matter of law to contend that Plaintiffs' copyrighted sound recordings were included in the "training data" used to build Suno's AI tool and that the outputs of such a tool are therefore "derivative" of the content the model was trained on. As noted above, this was a theory proffered by plaintiffs in some of the earliest cases filed challenging industry-standard AI training techniques as actionable copyright infringement. And courts rejected them at every turn, on Rule 12 motions. First Judge Orrick did in *Andersen v. Stability AI*. 700 F. Supp. 3d at 867. Then Judge Chhabria did in *Kadrey v. Meta*. 2023 WL 8039640, at *2. He explained that, to pursue a claim that the outputs of the tool at issue were infringing, plaintiffs "would need to prove that the outputs (or portions of the outputs) are similar enough to the plaintiffs' books to be infringing derivative works." *Id.* at *1. Then Judge Martinez-Olguin did the same thing in *Tremblay v. OpenAI*, rejecting the legal theory that "'every output of the OpenAI Language Models is an infringing derivative work," *inter alia* because they had failed to "allege that any particular output is substantially similar … to their books." 716 F. Supp. 3d, at 778.

To be an infringing derivative work, a song generated by Suno's AI tool would have to reprise substantial copyrightable expression from a pre-existing original work. *See generally TMTV, Corp. v. Mass Prods., Inc.*, 345 F. Supp. 2d 196, 211 (D.P.R. 2004), *aff'd*, 645 F.3d 464

5

(1st Cir. 2011) ("Courts interpret the [Copyright] Act to mandate that derivative work that is substantially similar to the original work upon which it is based is an infringement." (quotation and citation omitted)); *Litchfield v. Spielberg*, 736 F.2d 1352, 1358 (9th Cir. 1984) (affirming summary judgment where "no reasonable jury could conclude that" the original work and the allegedly derivative work "were substantially similar in their ideas and expression"). The law on this issue is no different in the First Circuit than in the Ninth, where the early Rule 12 motions in the AI cases were all decided. *See Marshall v. Scotia Prince Cruises, Ltd.*, No. 03-cv-26, 2003 WL 22709076, at *4 (D. Me. Nov. 17, 2023) (citing *Litchfield*, 736 F.2d at 1355).

To state a claim for a relief on the basis that Suno's AI tool generates outputs that are infringing derivatives, Plaintiffs would thus need to allege facts—not just the conclusory assertions proffered here, on information and belief no less—that Suno's tool has created actionably similar replicas of the works-in-suit. The reason this is the law is that assessing whether Work A is actionably similar to Work B requires actually comparing the two works. Courts regularly dismiss claims where the complaints are limited to conclusory assertions about one work infringing the rights in another, which makes it impossible to conduct that comparison. *See, e.g.*, *Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 166 (S.D.N.Y. 2024) (granting motion to dismiss where plaintiff's "vague and conclusory allegations" were "insufficient as a matter of law to plausibly plead a substantial similarity" and the complaint failed to attach the original work); *Evans v. NBCUniversal Media, LLC*, No. 21-cv-0984, 2021 WL 4513624, at *5 (C.D. Cal. July 23, 2021) (granting motion to dismiss where plaintiff did not attach the allegedly infringing work, "[did] not allege any specific details," and only provided "conclusory allegations"); *Blizzard Ent., Inc. v. Lilith Games (Shanghai) Co.*, 149 F. Supp. 3d 1167, 1175 (N.D. Cal. 2015) (dismissing copyright infringement claim where the complaint "ma[d]e only general allegations" that allegedly

6

infringing works were "derived from and substantially similar to" plaintiffs' works, without even identifying "representative acts of infringement"); *Adams v. Warner Bros. Pictures Network*, No. 05-cv-5211, 2005 WL 3113425, at *2 (E.D.N.Y. Nov. 22, 2005) (dismissing copyright claim where the plaintiff failed to specify "'by what acts' the defendant infringed the copyright"); *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008) (affirming dismissal where plaintiff "failed to even allege which, if any, of defendants' materials were infringing"); *see also Levey v. Brownstone Inv. Grp., LLC*, No. 11-cv-395, 2013 WL 3285057, at *6 (D.N.J. June 26, 2013) (dismissing copyright infringement claim where the plaintiff had "not demonstrated by what specific acts . . . Defendants infringed the copyright" and where the plaintiff's "allegation of infringement rest[ed] on speculation"), *aff'd*, 590 F. App'x 132 (3d Cir. 2014).  As one court explained, the issue of whether an accused work reprises too much copyrightable expression from the original is "one that is the least susceptible of helpful generalizations," since "the works themselves supersede and control contrary descriptions of them." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010).

The Complaint here does what all of those other complaints did that got them dismissed: it asserts in conclusory fashion that there are infringements happening, without identifying what specific content supposedly infringes the exclusive rights of the work allegedly infringed. Plaintiffs have simply not done what the law requires to state a claim with respect to supposedly infringing outputs of Suno's tool.

Nor could Plaintiffs, in view of the unique statutory treatment of the type of work they are suing over: sound recordings.  As discussed at length in Suno's Answer in the prior suit, Congress prescribed a special set of rules to determine when Sound Recording A infringes the rights in Sound Recording B—rules that differ from those that apply to all other kinds of copyrighted works.

The operative language is found in 17 U.S.C. § 114(b), which provides that "[t]he exclusive rights of the owner of copyright in a sound recording … do not extend to the making or duplication of another sound recording that consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate those in the copyrighted sound recording."  What that means for this litigation is that in order to plead that a given output of Suno's AI tool infringed the rights in one of the works-in-suit, Plaintiffs would need to allege that the output did not merely *sound similar or even identical* to the original, but that it actually *contained a 'sample' from the original*, in the manner of a collage.  *See Lehrman v. Lovo, Inc.*, No. 24-cv-3770, 2025 WL 1902547, at *18–19 (S.D.N.Y. July 10, 2025) (discussing section 114(b) in the context of AI outputs).  But as described in the Answer that Plaintiffs' Complaint here relies on so heavily, that is categorically not how Suno's tool works.  It exclusively generates new sounds, rather than stitching together samples.  For that reason, Plaintiffs could never have a good faith basis to allege that a given Suno output is actually an infringing derivative work of one of their songs.

Plaintiffs' second cause of action should therefore be dismissed with prejudice and without leave to amend.  *See, e.g.*, *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (noting that amendment is futile if the plaintiff fails to "set[] forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory"); *Soares v. Mass. Dept. of Youth Servs.*, No. 12-cv-10573, 2013 WL 5211556, at *4 (D. Mass. Sept. 12, 2013) (dismissing claims with prejudice where repleading "would be futile" under governing law); *Patel v. 7-Eleven, Inc.*, 322 F. Supp. 3d 244, 250 (D. Mass. 2018) (similar).

## CONCLUSION

For the foregoing reasons, Suno respectfully requests that the Court dismiss with prejudice Plaintiffs' Second Cause of Action for failure to state a claim.

| | |
|---|---|
| Dated: August 18, 2025 | Respectfully submitted,<br><br>/s/ *Andrew M. Gass*<br>Andrew M. Gass (*pro hac vice*)<br>Brittany N. Lovejoy (*pro hac vice*)<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538<br>Telephone: (415) 391-0600<br>Facsimile: (415) 395-8095<br>andrew.gass@lw.com<br>britt.lovejoy@lw.com<br><br>Shlomo Fellig (BBO# 699643)<br>LATHAM & WATKINS LLP<br>200 Clarendon Street<br>Boston, MA 02116<br>Telephone: (617) 948-6000<br>Facsimile: (617) 948-6001<br>shlomo.fellig@lw.com<br><br>*Counsel for Defendant Suno, Inc.* |

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent August 18, 2025 to those identified as non-registered participants.

                                              */s/ Andrew M. Gass*
                                              Andrew M. Gass