UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY JUSTICE and 5TH WHEEL RECORDS, INC., *each individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-11739-FDS<br><br>**Oral Argument Requested** |

### SUNO, INC.'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Suno, Inc. ("Suno") respectfully moves this Court for an order dismissing Plaintiffs' Second, Third, and Fourth Causes of Action in the above-captioned action. As grounds for this motion, Suno states as follows:

Plaintiffs' Second Cause of Action, which alleges a violation of Plaintiffs' right to prepare derivative works based on their sound recordings, fails as a matter of law. Plaintiffs claim that outputs of Suno's artificial intelligence tool are infringing derivative works under the Copyright Act. Yet Plaintiffs have not alleged any facts regarding particular outputs created through Suno that are "substantially similar" to the sound recordings they have asserted. Because Plaintiffs have not identified any substantially similar derivative works, their Second Cause of Action must be dismissed pursuant to Rule 12(b)(6).

Plaintiffs' Third Cause of Action alleges that Suno violated section 1201(a) of the Digital Millenium Copyright Act. Section 1201(a) prohibits the circumvention of technological protection measures that restrict access to a copyrighted work. Yet what Plaintiffs have accused Suno of is

circumventing a *copy* control—that is, a technological protection measure that protects a copyright holder's exclusive rights, including reproduction and distribution—by downloading content from YouTube.  Section 1201 does not prohibit the circumvention of copy controls, and Plaintiffs' Third Cause of Action must be dismissed for failure to state a claim.

Plaintiffs' Fourth Cause of Action, arising under the Tennessee Consumer Protection Act ("TCPA"), fails under any interpretation of the Amended Complaint's opaque allegations.  To the extent Plaintiffs' claim is that Suno violated the TCPA by using their songs as training data without disclosing that Suno-generated outputs are "derived" from Plaintiffs' works, this claim sounds in and is preempted by federal copyright law.  If, on the other hand, Plaintiffs' theory is that Suno-generated outputs misappropriate their "brands" or "identifiers," Plaintiffs fail to state a claim because "misappropriation" is not among the enumerated causes of action that arise under the TCPA and, regardless, Plaintiffs have not identified any outputs that "appropriate" their "brands" or "identifiers" (whatever that might mean).  Regardless of which theory Plaintiffs pursue, their Fourth Cause of Action must be dismissed.

The basis for this motion is set forth fully in the accompanying Memorandum in Support, filed herewith.

WHEREFORE, Suno respectfully requests the Court dismiss the Second, Third, and Fourth Causes of Action asserted in the Amended Complaint with prejudice.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Suno respectfully requests to be heard at oral argument on its Motion to Dismiss.

Dated: October 27, 2025

Respectfully submitted,

*/s/ Brittany N. Lovejoy*
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
britt.lovejoy@lw.com

Grace McLaughlin (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
grace.mclaughlin@lw.com

Shlomo Fellig (BBO# 699643)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
shlomo.fellig@lw.com

*Counsel for Defendant Suno, Inc.*

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that that counsel for Suno, Inc. conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues raised in Suno's Motion to Dismiss. Plaintiffs oppose this motion.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent October 27, 2025 to those identified as non-registered participants.

                                                  */s/ Brittany N. Lovejoy*
                                                  Brittany N. Lovejoy