UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY JUSTICE and 5TH WHEEL RECORDS, INC., *each individually and on behalf of all others similarly situated*,<br><br>                                Plaintiffs,<br><br>v.<br><br>SUNO, INC.,<br><br>                                Defendant. | Civil Action No. 1:25-cv-11739-FDS |

**DEFENDANT SUNO, INC.'S MOTION FOR LEAVE TO FILE
REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

    Pursuant to Local Rule 7.1(b)(3), Defendant Suno, Inc. ("Suno") hereby moves for leave to file a reply brief in support of its Motion to Dismiss Plaintiffs' First Amended Complaint, to be due November 21, 2025, and not to exceed 15 pages.  Good cause for such leave exists because Plaintiffs' brief opposing Suno's motion makes several unsupported legal arguments that Suno could not address in its opening brief because they either mischaracterize or misapprehend the arguments in Suno's opening brief, deviate from the facts alleged in the Amended Complaint, or both.  Additionally, Plaintiffs through their brief attempt to change the legal basis of Count Four of their First Amended Complaint, claiming that it is a Tennessee common law unfair competition claim, not a Tennessee Consumer Protection Act ("TCPA") claim, as asserted in the Amended Complaint.  Suno seeks to address these arguments.  Allowing Suno to file a reply brief will materially assist the Court in resolving the Motion to Dismiss.

    As grounds for this motion, Suno states as follows:

    1. On June 14, 2025, Plaintiffs filed their initial Complaint, asserting two counts of

copyright infringement.  *See* Dkt. No. 1.

2. Suno moved to dismiss Count Two of that Complaint on August 18, 2025.  *See* Dkt. No. 21.

3. On September 2, 2025, Plaintiffs notified Suno of their intent to file an Amended Complaint, to supersede the original Complaint and in lieu of filing an opposition to Suno's Motion to Dismiss.  Suno did not oppose.  That same day, Plaintiffs moved for an extension of time to file an Amended Complaint.  *See* Dkt. No. 2. The Court granted Plaintiffs' motion on September 8, 2025.  *See* Dkt. No. 25.

4. Plaintiffs filed their First Amended Complaint on September 22, 2025.  *See* Dkt. No. 27.  The Amended Complaint included over 369 paragraphs of additional allegations and asserted two new causes of action: violation of the Digital Millennium Copyright Act (17 U.S.C. § 1201(a)) and violation of the TCPA (Tenn. Code Ann. § 47-18-101).  *See id.*

5. On October 27, 2025, Suno moved to dismiss Counts Two, Three, and Four of the Amended Complaint for railure to state a claim.  *See* Dkt. No. 31.

6. On November 10, 2025, Plaintiffs filed their opposition to Suno's motion.  *See* Dkt. No. 33.  The opposition brief introduces several arguments that mischaracterize or misapprehend Suno's opening brief and the law or deviate from the facts alleged in the Amended Complaint.  It also attempts to recharacterize Count Four, which alleges a violation of the TCPA, as a claim under Tennessee common law on unfair competition.

7. Suno seeks leave to file a reply brief to address these issues.  Suno has met the good cause standard because Plaintiffs have made a number of misleading factual and

legal claims that Suno could not have addressed in its opening brief, including several mischaracterizations of Suno's arguments and of their own Amended Complaint.

8. For example, addressing their copyright infringement claim (Count Two), Plaintiffs argue that their allegations are sufficient to survive a motion to dismiss because they alleged "approximately 100 examples of infringing Suno outputs." *See* Dkt. No. 33 at 6. They also argue that Suno "does [not] respond to" these outputs. *Id.* But Plaintiffs do not allege that any of the outputs even remotely resembles *their* asserted works, which is the point of Suno's motion. Suno's reply brief would address this issue . . Plaintiffs also argue for the first time that Suno "alone has access" to the information needed to plausibly state their claims. *Id.* at 16. This argument is entirely new and is contradicted by the Amended Complaint, which a reply brief would allow Suno to address.

9. With respect to their section 1201 claim (Count Three), Plaintiffs argue for the first time that YouTube's "rolling cipher" is an access control—despite repeated allegations in the Amended Complaint describing it as a tool that prevents "copying" and "downloading." *See id.* at 17–20; *see also* Dkt. No. 27 ¶¶ 12, 362, 373, 379. Plaintiffs also claim that they alleged circumvention of other technological protection measures and that Suno did not address those measures. *See id.* at 20. Plaintiffs' new arguments contradict their own allegations, and Suno was accordingly unable to address them in its opening brief.

10. Finally, Plaintiffs' opposition brief attempts to recast what they repeatedly identified in their Amended Complaint as a claim asserting a violation of the TCPA

as an entirely different cause of action, claiming that their repeated citation to the TCPA was "inadvertent". *See id.* at 24–26. This argument is one that Suno could not have anticipated and addressed in its opening brief, and Suno should be permitted to address the pleading sufficiency of the claim Plaintiffs' apparently intended to assert.

11. Counsel for Suno informed Plaintiffs of its intention to seek leave to file a reply brief on November 11, 2025. Plaintiffs agreed to provide their consent to Suno's motion, on the condition that Suno not object that Plaintiffs' opposition brief, which is twenty-one pages long, exceeds the twenty-page limit for opposition briefs set forth in the District of Massachusetts Local Rules. Suno agreed to Plaintiffs' proposal.

WHEREFORE, Suno respectfully requests that the Court grant it leave to file a reply in support of its Motion to Dismiss the First Amended Complaint, to be due November 21, 2025, and not to exceed 15 pages.

Dated: November 13, 2025

Respectfully submitted,

/s/ *Brittany N. Lovejoy*
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Grace McLaughlin
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
grace.mclaughlin@lw.com

Shlomo Fellig (BBO# 699643)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
shlomo.fellig@lw.com

*Counsel for Defendant Suno, Inc.*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that that counsel for Suno, Inc. has conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issue raised in the instant motion; Plaintiffs consent to Suno's motion. Further details regarding such efforts are provided in paragraph 11 of this motion.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent November 13, 2025, to those identified as non- registered participants.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy