

**DELGADO ENTERTAINMENT LAW,** PLLC

February 24, 2026

<u>**Via ECF**</u>

The Honorable F. Dennis Saylor IV
United States District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

> **Re:**      *Justice et al. v. Suno, Inc.*, **Case No. 1:25-cv-11739 (D. Mass)**

Dear Judge Saylor:

Plaintiffs respectfully submit this Notice of Supplemental Authority to bring to the Court's attention a recent relevant holding from the Northern District of California regarding materially similar issues raised in Plaintiffs' First Amended Complaint ("**FAC**"), Doc. 27, and Defendant's Motion To Dismiss, Docs. 31-32 (the "**Motion**"). The parties are scheduled for oral argument on the Motion on March 20, 2026. *See* Doc. 38.

A key issue before this Court is whether YouTube's rolling cipher technology qualifies as a "technological measure that effectively controls access" under 17 U.S.C. § 1201(a) of the Digital Millennium Copyright Act ("**DMCA**"), and whether allegations of circumvention are sufficient at the pleading stage. In *Cordova v. Huneault*, No. 25-cv-04685-VKD (N.D. Cal. Jan. 23, 2026) (attached hereto as Exhibit A), the court denied a motion to dismiss the plaintiff's § 1201(a)(1) claim based on materially similar allegations concerning YouTube's rolling cipher technology.

Similarly to the instant case, the plaintiff in *Cordova* alleged that defendants bypassed YouTube's technological measures (including rolling cipher technology) to download copyrighted videos. *Id*. at *8–10. The defendants argued that the claim failed because the videos were "publicly viewable" on YouTube and therefore the rolling cipher did not "effectively control access" within the meaning of § 1201(a). *Id*. at *9. **The *Cordova* court rejected that argument** and held that plaintiff's allegations that YouTube applies "rolling-cipher technology," described as software designed to prevent unauthorized downloading by encrypting and dynamically altering video stream URL signatures, were sufficient to plausibly allege a technological measure that "effectively controls access" under § 1201(a). *Id*. at *8–9.

The court further rejected defendants' argument that the technological measures were ineffective simply because the videos were publicly available, explaining that "[w]hether the videos may be viewed by the public **is immaterial**" where the complaint sufficiently alleges technological measures designed to prevent unauthorized downloading. *Id*. at *9 (emphasis added).

# D DELGADO ENTERTAINMENT LAW, PLLC

The *Cordova* court emphasized that the statutory definition does not require an access-control measure to be "strong or circumvention-proof," but only that it provide "some degree of control over access to a copyrighted work." *Id.* (quoting *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 954 n.17 (9th Cir. 2010)). The court also noted – and as alleged by Plaintiffs here - other courts have already concluded that identifying measures that restrict access to downloading files are sufficient for purposes of asserting a § 1201(a)(1) claim. *Id.* (citing *Yout, LLC v. Recording Indus. Ass'n of Am., Inc.*, 633 F. Supp. 3d 650, 665, 670 (D. Conn. 2022); *Edland v. Basin Elec. Power Coop.*, No. 21-cv-04008-KES, 2021 WL 3080225, at *6 (D.S.D. July 21, 2021); *UMG Recordings, Inc. v. Kurbanov*, No. 18-cv-957-CMH TCB, 2021 WL 6492907, at *4, 7 (E.D. Va. Dec. 16, 2021)).

The reasoning in *Cordova* directly addresses the same statutory interpretation question Suno raises in its Motion - namely, whether the public viewability of YouTube videos defeats an allegation that rolling cipher technology "effectively controls access" under § 1201(a). *Cordova* is a magistrate judge decision but persuasive and directly supports Plaintiffs' FAC, confirming that allegations regarding YouTube's rolling cipher plausibly state a claim under § 1201(a)(1). *See* Doc. 27, pp. 44-47. Plaintiffs respectfully submit this supplemental authority for the Court's consideration in connection with Suno's Motion.

Sincerely,

Krystle M. Delgado
Delgado Entertainment Law, PLLC