Britt Lovejoy
Direct Dial: +1.415.646.8329
britt.lovejoy@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS** LLP

March 9, 2026

**VIA ECF**

The Honorable F. Dennis Saylor IV
United States District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   Justice et al. v. Suno, Inc.
      Case No. 1:25-cv-11739-FDS
      *Response to Notice of Supplemental Authority*

Dear Judge Saylor:

Defendant Suno, Inc. ("Suno") writes in response to Plaintiffs' Notice of Supplemental Authority, Dkt. 39. The case that Plaintiffs bring to Your Honor's attention—*Cordova v. Huneault*, No. 25-cv-04685, 2026 WL 184598 (N.D. Cal. Jan. 23, 2026)—is neither controlling nor instructive.

Plaintiffs incorrectly claim that the "reasoning in *Cordova* directly addresses the same statutory interpretation question Suno raises in its Motion." Dkt. 39 at 2. But the *Cordova* decision does not engage with the statutory distinction between "access" and "copy" controls at the core of Suno's Motion to Dismiss Plaintiffs' Third Cause of Action. As Suno explained, 17 U.S.C. § 1201 distinguishes between two types of technological protection measures ("TPMs"): (1) *access* controls, governed by section 1201(*a*) and (2) *copy* controls, governed by section 1201(*b*). *See* Dkt. 32 at 11-13. Congress did not prohibit the circumvention of copy controls—only trafficking in them—as a compromise to protect fair use activities. *See id.*

That the *Cordova* decision does not grapple with this critical distinction is not surprising. Although the *Cordova* plaintiffs alleged that the defendants in that case circumvented "YouTube's copy-protection systems," *see* No. 25-cv-04685, Dkt. 39, the defendants did not argue (as Suno did) that such allegations describe a *copy* control—which section 1201 does not prohibit the circumvention of—rather than an access control, *see* No. 25-cv-04685, Dkt. 43-1 at 10.

The *Cordova* defendants' failure to clearly brief the access-control/copy-control distinction led the court to overlook it as well. The court held that, because the plaintiffs identified "technological measures intended to prevent unauthorized *downloading*," they adequately alleged

LATHAM&WATKINS LLP

an access control within the meaning of section 1201(a). 2026 WL 184598, at *9 (emphasis added). But a TPM that prevents users from "downloading" a work is a *copy* control. *See* Dkt. 32 at 14 (citing 17 U.S.C. § 1201(b)(2)(B) (defining copy controls as measures that "prevent[], restrict[], or otherwise limit[] the exercise of a right of a copyright owner") and *id.* § 106(1) (defining the exclusive right "to reproduce the copyrighted work in copies or phonorecords")); *see also* Dkt. 36 at 8 (arguing that the clear implication of section 1201's framework is that "there must be some category of copy controls that can be freely circumvented under section 1201 because they are not also access controls").

Further undermining its conclusion, the primary authority the *Cordova* court cites in support of its holding is *Yout, LLC v. Recording Indus. Ass'n of Am., Inc.*, 633 F. Supp. 3d 650 (D. Conn. 2022). *Yout*, too, does not engage with the access-control vs. copy-control control distinction. *See* Dkt. 36 at 9-10. As Suno previously informed the Court, the Second Circuit panel reviewing that decision granted Suno leave to file an amicus brief out of time and ordered additional briefing to address the same arguments Suno raises before this Court: namely, that the District Court's decision erroneously conflates the two subsections of the statute, jeopardizing the careful statutory framework Congress intentionally designed to protect fair uses. *See* Dkt. 36 at 9-10; *see also* Brief for Amici Curiae in *Yout, LLC v. Recording Indus. Ass'n of Am.*, No. 22-2760, Dkt. 127 (2d Cir. Oct. 7, 2025); Mot. Order, No. 22-2760, Dkt. 124 (2d Cir. Oct. 10, 2025).

The other cases *Cordova* cites also do not help Plaintiffs here. As Suno previously flagged when the Plaintiffs in this case cited it, in *UMG Recordings, Inc. v. Kurbanov*, No. 18-cv-957, 2021 WL 6492907 (E.D. Va. Dec. 16, 2021), the plaintiffs and the court proceeded primarily on the theory that the rolling cipher was a <u>copy</u> control and that the defendant's service violated section 1201(*b*)'s anti-trafficking provision. *See* Dkt. 36 at 10. And the court in *Edland v. Basin Electric Power Cooperative*, No. 21-cv-04008, 2021 WL 3080225 (D.S.D. July 21, 2021) did not address allegations related to YouTube's "rolling cipher." In fact, that case involved an entirely different form of alleged circumvention: recording YouTube videos with a mobile phone as they played on a screen. Because the case does not address the core statutory question at bar here—whether YouTube's rolling cipher is an "access" control or a "copy" control—it has little persuasive value.

For these reasons, *Cordova* does not alter the analysis set forth in Suno's briefing in its Motion to Dismiss. The Court should dismiss Plaintiffs' Amended Complaint with prejudice.

Respectfully submitted,

*[signature]*

Britt Lovejoy

cc: Counsel of Record (via CM/ECF)