

April 27, 2026

**<u>Via ECF</u>**

The Honorable F. Dennis Saylor IV
United States District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

**Re:** *Justice et al. v. Suno, Inc.*, **Case No. 1:25-cv-11739 (D. Mass)**

Dear Judge Saylor:

Plaintiffs submit this Notice of Supplemental Authority to inform the Court of a recent decision from the Southern District of New York addressing materially similar issues raised in Plaintiffs' First Amended Complaint ("**FAC**") (Dkt. 27), alleging a violation of 17 U.S.C. § 1201(a) of the Digital Millennium Copyright Act ("**DMCA**") based on Defendant's circumvention of YouTube's rolling cipher technology. Plaintiffs Sony Music Entertainment, Arista Music, and Arista Records LLC (together, "**Sony**") filed suit against a generative AI music company, Uncharted Labs, Inc. (hereafter "**Udio**") for scraping and copying Sony's copyrighted sound recordings to train generative AI music models. That court denied a motion to dismiss Sony's 17 U.S.C. § 1201(a) claim. See *Sony Music Entertainment, et al. v. Uncharted Labs, Inc., et al.*, No. 1:24-cv-04777-AKH, 2026 WL 1019199 (S.D.N.Y. Apr. 15, 2026) (attached hereto as **Exhibit 1**).

Notably, the Udio court denied dismissal of the § 1201(a) claim for the same reason argued by Plaintiffs during oral argument before this Court on March 20, 2026 (Dt. 44). Suno's Motion to Dismiss (Dkts. 32, 34) (the "**Motion**") fails to provide *any* information on how it scraped and copied "tens of millions of songs" from the internet, which prevents this Court from determining their legal classification and whether any asserted distinction is dispositive.

Just as the Plaintiffs have alleged in their FAC, the plaintiffs in *Uncharted Labs* alleged that defendants used technology designed to bypass YouTube's technological measures specifically, its rolling cipher technology to access and download copyrighted sound recordings. *Id*. at *1–2; *see also* FAC, ¶¶ 370-379. The defendants moved to dismiss this claim, arguing that the claim failed because YouTube's rolling cipher does not control access. 2026 WL 1019199, at *5 ("Defendants claim that Plaintiffs' description of YouTube's 'rolling cipher' constitutes a copy control and that they have failed to adequately plead circumvention of an access control").

Critically, the *Uncharted Labs* court held that it could not resolve whether the alleged technological measures constituted access controls at the pleading stage because the court did not have sufficient information to understand how those measures function (from the complaint or elsewhere).

**ᴅ** **Dᴇʟɢᴀᴅᴏ Eɴᴛᴇʀᴛᴀɪɴᴍᴇɴᴛ Lᴀᴡ,** ᴘʟʟᴄ

*Id.*, at \*6. As noted during oral argument, Defendant Suno, Inc. ("**Suno**")'s Motion is deficient because it fails to identify or describe the tools, methods, or processes used to scrape and download copyrighted works. As in *Uncharted Labs*, without such information, the Court cannot determine whether the alleged conduct constitutes circumvention of a technological measure under § 1201(a).

The *Uncharted Labs* court held that plaintiffs adequately alleged the existence of a technological measure that controls access under § 1201(a). The court explained that YouTube's "rolling-cipher technology" is alleged to "control access to content uploaded on its platform and prevent or inhibit external sites or services from directly downloading protected media files." 2026 WL 1019199, at \*2. The court further rejected defendants' attempt to distinguish precedent involving encryption technologies such as those used on DVDs, concluding that any such distinctions could not be resolved at the pleading stage. *Id.* at \*6.

Importantly, Plaintiffs' allegations extend beyond solely YouTube circumvention. Plaintiffs allege that Suno scraped copyrighted works from *numerous* sources including YouTube, Spotify, and Plaintiffs' own websites (Dkt. 33, pp.8 at n.3, 20), yet Suno's Motion addresses only YouTube and omits any explanation of how its scraping conduct operates across these other protected platforms (the "**Protected Platforms**"), leaving Suno's Motion deficient at best.

Because Suno has provided no meaningful explanation of how its alleged scraping tools function or how any technological measures were bypassed, dismissal of Plaintiffs' § 1201(a) claim would be premature for the same reasons identified in *Uncharted Labs*.

Sincerely,

Krystle M. Delgado
Delgado Entertainment Law, PLLC