**D** **DELGADO ENTERTAINMENT LAW,** PLLC

June 8, 2026

**Via ECF**

The Honorable F. Dennis Saylor IV
United States District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

> Re:    **Notice of Supplemental Authority re: Defendants' Motion to Dismiss**
> *Justice et al. v. Suno, Inc.*, **Case No. 1:25-cv-11739 (D. Mass)**

Dear Judge Saylor:

Plaintiffs respectfully submit this Notice of Supplemental Authority to bring to the Court's attention a recent decision issued in *Justice, et al. v. Uncharted Labs, Inc., d/b/a Udio.com*, No. 25-cv-05026-AKH, 2026 WL 1430232 (S.D.N.Y. May 21, 2026) (attached hereto as **Exhibit A**) (the "**Order**").

The Order addresses materially similar allegations raised in the instant lawsuit against Suno, Inc. ("**Suno**"). In the *Uncharted Labs* action, involving the same Plaintiffs and almost identical allegations against another generative-AI music company - including allegations of online scraping of copyrighted sound recordings for AI training, circumvention of technological protection measures, and look-alike AI-generated outputs mirroring Plaintiffs' copyrighted works - the court **denied** Defendant's motion to dismiss Plaintiffs' Digital Millennium Copyright Act claim under 17 U.S.C. § 1201 (the "**DMCA**"), granted leave to amend allegations concerning AI-generated outputs, and addressed Copyright Act preemption issues relevant to Plaintiffs' state-law claim. The decision may assist the Court in its consideration of Suno's pending Motion to Dismiss (Doc. No. 31) (the "**Motion**").

Most notably, the *Uncharted Labs* court denied dismissal of Plaintiffs' claim under § 1201(a), concluding that allegations materially similar to those asserted here against Suno **were sufficient** at the pleading stage to support a plausible inference that the defendant used technology to bypass technological measures employed by YouTube and Spotify in order to access copyrighted sound recordings. Order at *2. Consistent with its earlier decision in *Sony Music Entertainment, et al. v. Uncharted Labs, Inc.*, (*see* Notice of Supplemental Authority, Doc. No. 47), the same court declined to determine at the pleading stage whether the technological measures at issue constituted access controls within the meaning of § 1201(a), holding instead that such questions require a more developed factual record.[1] Equally here, Plaintiffs have sufficiently alleged that Suno used technology designed to bypass YouTube's, Spotify's, and other protected platforms' technological

---

[1] The *Uncharted Labs* court concluded in its Order: "I reasoned in *Sony*, on a motion to dismiss the same cause of action, that the complaint there plausibly alleged that 'YouTube employs technological measures that regulate access to its content and that Defendant circumvented them under the pleading standard set by Rule 8(a) of the Federal Rules of Civil Procedure'… I see no reason to deviate from my reasoning in *Sony* and rule similarly here." Order at *3.

**Ð** **DELGADO ENTERTAINMENT LAW,** PLLC

measures to access copyrighted sound recordings in violation of the DMCA. *See* First Am. Compl. ("FAC") ¶¶ 370–79 (Doc. No. 27). Plaintiffs believe that such precedent strongly supports their request to deny Suno's Motion to Dismiss Plaintiffs' claim under 17 U.S.C. § 1201(a).

In the Order, the *Uncharted Labs* court also addressed Plaintiffs' allegations concerning AI-generated outputs that reproduce or regurgitate copyrighted material from training data. As summarized in the Order, Plaintiffs alleged that Udio "trained its AI model on their copyrighted sound recordings," that the model is capable of, and does, "regurgitate protected material from its training data", and that there are AI outputs "substantially similar, if not identical to their own." Order at *1–2. Recognizing the viability of Plaintiffs' theory, the court requested that Plaintiffs provide further specificity, granting leave to amend within 30 days. *Id.* at *2.

While the court dismissed Plaintiffs' Tennessee common-law unfair competition claim as preempted by the Copyright Act, Plaintiffs have since filed a motion for reconsideration (*see* **Exhibit B** hereto), arguing that their state-law claim contains qualitatively distinct elements involving artists' voices, personas, and identities and therefore falls outside the scope of copyright preemption under controlling Second Circuit precedent and persuasive authority from the Third, Fifth, and Ninth Circuits. *See Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992); *Jackson v. Roberts*, 972 F.3d 25, 44–45 (2d Cir. 2020); *Facenda v. N.F.L. Films, Inc.,* 542 F.3d 1007, 1027 (3d Cir. 2008); *Brown v. Ames*, 201 F.3d 654, 657–58 (5th Cir. 2000); *Midler v. Ford Motor Co.,* 849 F.2d 460, 462–63 (9th Cir. 1988); *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1099–1101 (9th Cir. 1992).

Plaintiffs respectfully submit this supplemental authority for the Court's consideration in connection with Suno's Motion.

Sincerely,

Krystle M. Delgado
**Delgado Entertainment Law, PLLC**


 /s/ Raffi Melanson
Raffi Melanson
Steve W. Berman (*pro hac vice forthcoming*)
Mark Carlson (*pro hac vice forthcoming*)
Daniel J. Kurowski (*pro hac vice forthcoming*)
Whitney K. Siehl (*pro hac vice forthcoming*)
Roxana Moussavian (*pro hac vice forthcoming*)
**Hagens Berman Sobol Shapiro LLP**

*Counsel for Plaintiffs*

cc. Counsel of Record (via CM/ECF)