Britt Lovejoy
Direct Dial: +1.415.646.8329
britt.lovejoy@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

## LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

July 2, 2026

**<u>VIA ECF</u>**

The Honorable F. Dennis Saylor IV
United States District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:     Justice et al. v. Suno, Inc.
        Case No. 1:25-cv-11739-FDS
        *Response to Notice of Supplemental Authority*

Dear Judge Saylor:

Defendant Suno, Inc. ("Suno") writes in response to Plaintiffs' Notice of Supplemental Authority, Dkt. 56, regarding *Justice v. Uncharted Labs, Inc.*, No. 25-cv-5026, 2026 WL 1430232 (S.D.N.Y. May 21, 2026).  The *Justice* opinion *supports* Suno's position on two of the three claims it has moved to dismiss; as for the third claim, the *Justice* court adopts the same flawed analysis it adopted in *Sony Music Entertainment v. Uncharted Labs, Inc.*, No. 24-cv-4777, 2026 WL 1019199 (S.D.N.Y. Apr. 15, 2026), and should be rejected for the same reasons, *see* Dkt. 48.

The Southern District of New York court's *Justice* opinion addresses Uncharted Labs's ("Udio") motion to dismiss three claims also brought by Plaintiffs here: a copyright claim for infringement of the right to prepare derivative works, a Tennessee state law claim, and a claim for violation of 17 U.S.C. § 1201.  Notably, the court dismissed the first two claims, on the same grounds Suno argued in this case.  As to the infringement claim, the court found that it could not proceed because the plaintiffs had not actually "identif[ied] [a] specific Udio output substantially similar to any work they own" and relied instead on "conclusory allegations" and "general assertion[s]" about what Udio's platform is capable of.  *Justice*, 2026 WL 1430232, at *2.  Such allegations were inadequate there, just as they are here, and Plaintiffs' claim should be dismissed for similar reasons.  *See* Dkt. 32 at 7-11; Dkt. 36 at 2-6.[1]

---

[1] The plaintiffs have since attempted to file a Second Amended Complaint identifying a number of Udio-generated outputs that allegedly sound like their works.  *See Justice*, No. 25-cv-5026, Dkt. 68 ¶¶ 251-94 (S.D.N.Y. June 22, 2026).  Of course, these outputs allegedly generated on Udio's platform have no bearing on Plaintiffs' claims against Suno.

LATHAM&WATKINS LLP

The Southern District of New York court also dismissed the plaintiffs' state law claim with prejudice, finding that, whether brought under state common law or the Tennessee Consumer Protection Act, it is preempted by the Copyright Act. *See Justice*, 2026 WL 1430232, at *4 (finding that the rights the plaintiffs sought to vindicate were qualitatively the same as those protected by federal copyright law and rejecting the plaintiffs' argument that allegations of "an unfair market advantage" make the claim distinct from a copyright claim). So too here: Plaintiffs' state law claim involves no "extra element" beyond what would be required for an infringement cause of action and, accordingly, cannot proceed. *See* Dkt. 32 at 15-18; Dkt. 36 at 11-15.[2]

As for the Section 1201(a) claim, the *Justice* decision directly relies on—and replicates the error of—*Sony Music Entertainment*. The *Justice* court's analysis consists of a summary of the *Sony Music* opinion and the conclusion that there is "no reason to deviate from [the court's] reasoning in" that case. *See Justice*, 2026 WL 1430232, at *3. But the *Sony Music* decision constituted legal error, inverting the applicable pleading standard to find that, *because* the plaintiffs did not allege sufficient facts from which the court could "establish how [YouTube's alleged technological protection] measures function sufficiently to determine their legal classification," their claim should *proceed*, *see Sony Music*, 2026 WL 1019199, at *3. *See* Dkt. 48 (explaining that the *Sony Music* opinion inverts the pleading standard in this Circuit by allowing claim to proceed without adequately alleging its elements); *see, e.g.*, *Strahan v. AT&T Mobility LLC*, 270 F. Supp. 3d 535, 544 (D. Mass. 2017) (Saylor, J.) ("Dismissal is appropriate if the complaint fails to set forth factual allegations . . . respecting *each material element necessary to sustain recovery* under some actionable legal theory." (emphasis added) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008))). Just as the Court should not adopt *Sony Music*'s flawed analysis, the Court should reject the same analysis replicated in *Justice*.

In sum, the Southern District of New York court's *Justice* opinion supports Suno's arguments for dismissal of the derivative works infringement claim and Plaintiffs' state law claim. With respect to the Section 1201 claim, the court's analysis is inconsistent with the facts alleged and the governing legal standards and the opinion is not a basis to allow Plaintiffs' facially inadequate claim to proceed. The Court should dismiss Counts II, III, and IV of the Amended Complaint with prejudice.

Respectfully submitted,

Britt Lovejoy

cc: Counsel of Record (via CM/ECF)

---

[2] Plaintiffs explain that they have moved for reconsideration of this part of the court's order. *See* Dkt. 56 at 2. This Court should not afford any weight to a motion the court has not granted and that is premised on arguments that are procedurally improper and substantively meritless. In any event, even assuming Plaintiffs' claim is not preempted, they have failed to state a claim, for reasons Suno has explained. *See* Dkt. 32 at 18-20; Dkt. 36 at 15.