**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ANTHONY JUSTICE, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SUNO, INC.,**<br><br>**Defendant.** | ) | **Civil Action No.**<br>**25-11739-FDS** |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, J.**

This is a class action concerning an AI music generator. Plaintiffs are independent recording artists or entities owned by independent recording artists that hold copyrights to song compositions and recordings. Defendant Suno, Inc. is a generative AI company. It runs an AI program that generates music in response to text prompts.

Plaintiffs accuse Suno of downloading their songs from YouTube, copying them to train its AI model, and generating AI music that is the same or substantially similar to protected expressive elements of their songs. The amended complaint asserts four counts: (1) violation of 17 U.S.C. § 106(1) of the Copyright Act; (2) violation of 17 U.S.C. § 106(2) of the Copyright Act; (3) violation of 17 U.S.C. § 1201(a)(1) of the Digital Millenium Copyright Act; and (4) violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq*.

Defendant has moved to dismiss Counts 2, 3, and 4 under Rule 12(b)(6). For the following reasons, defendant's motion will granted as to Count 4 and otherwise denied.

## I. <u>Standard of Review</u>

To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## II. <u>Analysis</u>

### A. <u>Violation of 17 U.S.C. § 106(2) of the Copyright Act (Count 2)</u>

Under 17 U.S.C. § 106(2), "the owner of [a] copyright . . . has the exclusive right[] . . . to prepare derivative works based upon the copyrighted work." A derivative work is "a work based upon one or more preexisting works." 17 U.S.C. § 101.

A plaintiff must prove two elements to establish copyright infringement: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

As to the first element, a copyright registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). The complaint alleges that plaintiffs hold copyright registrations to the infringed songs and therefore satisfy the first element at this stage. (Am. Compl. ¶ 63, Dkt. No. 27; *id.* Ex. A, Dkt. No. 27-1).

As to the second element, a plaintiff must prove that "(1) the defendant actually copied the work as a factual matter and (2) the copying rendered the infringing and copyrighted works substantially similar." *Perea v. Editorial Cultural, Inc.*, 13 F.4th 43, 55 (1st Cir. 2021) (citation modified). "Substantial similarity exists if a reasonable, ordinary observer, upon examination of the two works, would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression." *Situation Mgmt. Sys., Inc. v. ASP. Consulting LLC*, 560 F.3d 53, 58 (1st Cir. 2009) (citation modified).

The amended complaint alleges that "Suno used and/or accessed streaming services on which [p]laintiffs . . . had licensed their songs to illegally copy and reproduce [p]laintiffs' . . . songs for purposes of training its generative AI model(s)." (Am. Compl. ¶ 85). It therefore alleges actual copying.

The amended complaint further alleges that "*some* Suno-generated outputs are infringing works, verbatim or near-verbatim reproductions of [p]laintiffs' . . . songs (in part or in whole)" and that "evidence exists that Suno's AI model(s) has generated exact or nearly exact versions of [p]laintiffs' . . . songs." (*Id.* ¶¶ 96, 98). It does not identify any Suno output that allegedly infringes plaintiffs' songs. Instead, it provides approximately 100 examples of Suno outputs that either outright replicate or substantially resemble songs owned by other copyright holders. (*Id.* ¶¶ 252-319). It contends "Suno intentionally structured its AI model to generate AI Music designed to mirror the very songs it trained on." (*Id.* ¶ 358). The examples show that "just as

Suno has reproduced classic catalog works verbatim or nearly verbatim, it has likewise generated unauthorized derivative works, samples, and identifiers drawn from [plaintiffs'] music." (*Id.* ¶ 359).

Defendant contends that plaintiffs have not plausibly pleaded the existence of Suno outputs "substantially similar" to their songs. According to defendant, to survive a motion to dismiss, the complaint must identify the specific derivative works that allegedly infringe plaintiffs' copyrighted works.

However, there is no categorical requirement that a plaintiff must produce the derivative work at the motion to dismiss stage. To be sure, it must plausibly plead the existence of a substantially similar work. The most straightforward way to do so is to attach the copyrighted work and the allegedly infringing work to the complaint to enable a court to examine and compare them. That is not the only way to plead substantial similarity, however. *See Hardwell v. Parker*, 2022 WL 16894520, at *4 (C.D. Cal. Aug. 25, 2022) (finding that plaintiff had plausibly pleaded substantial similarity between two works even though he did not attach the allegedly infringed work to the complaint and refused to provide it to defendant before discovery); *Digital Dream Labs, Inc. v. Living Tech. (Shenzhen) Co.*, 2023 WL 121750, at *3 (W.D. Pa. Jan. 6, 2023) (finding that plaintiff had plausibly pleaded substantial similarity by relying on similarities in menu screens as circumstantial evidence of similarities between the underlying source codes). The question is whether the complaint alleges sufficient, non-conclusory, non-speculative facts to support a plausible inference that Suno outputs are substantially similar to plaintiffs' copyrighted works.

The cases cited by defendant do not support such a categorical requirement. First, it points to a series of cases in which the plaintiffs pleaded only general and conclusory allegations

concerning substantial similarity. *See Blizzard Ent., Inc. v. Lilith Games (Shanghai) Co.*, 149 F. Supp. 3d 1167, 1175 (N.D. Cal. 2015) ("[Plaintiffs] make only general allegations . . . ."); *Evans v. NBCUniversal Media, LLC*, 2021 WL 4513624, at *5 (C.D. Cal. July 23, 2021) ("The Complaint does not allege any specific details about the parties' works, and instead alleges general, conclusory allegations . . . ."); *National Bus. Dev. Servs., Inc. v. American Credit Educ. & Consulting, Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008) ("In this case, plaintiff did no more than plead bare legal conclusions."). In those cases, the courts were unable to meaningfully evaluate the plausibility of plaintiff's allegations and therefore dismissed the copyright claims.

Second, defendant cites to several cases involving generative AI in which the plaintiffs asserted that every output of an AI model was an infringing work and that they therefore did not need to allege any similarity between the AI model's outputs and their copyrighted works. *See Kadrey v. Meta Platforms, Inc.*, 2023 WL 8039640, at *1 (N.D. Cal. Nov. 20, 2023); *Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 866-68 (N.D. Cal. 2023); *Tremblay v. OpenAI, Inc.*, 716 F. Supp. 3d 772, 777-78 (N.D. Cal. 2024). Those courts found that substantial similarity was an element of a copyright claim and therefore needed to be alleged.

Those cases do not suggest that the only way to allege substantial similarity at the pleading stage is to identify specific infringing works. The subsequent history of *Andersen* in fact suggests the opposite. In that case, the court gave plaintiff leave to amend the complaint to add allegations of substantial similarity. *Andersen*, 700 F. Supp. 3d at 868. The amended complaint then alleged "comments from [defendant's] CEO regarding the contents of the model and their ability to reproduce works," "academic papers indicating that [defendant's] models are capable of producing very similar if not identical works to at least some training image," and example showing that using plaintiffs' names as prompts generated outputs mimicking (although

not infringing) aspects of plaintiffs' work. *Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 974 (N.D. Cal. 2024).

Defendant moved to dismiss the amended complaint. It maintained that those allegations "d[id] not support assertions of direct copyright infringement absent express identification of outputs that are 'substantially similar' to plaintiffs' copyrighted works." *Id.* at 974-75. The court disagreed and denied the motion as to that claim. It found that "'run of the mill' copyright cases where a showing of substantial similarity between works is required when determining whether an inference of copying can be supported . . . [were] unhelpful in this case where the copyrighted works themselves are alleged to have not only been used to train the AI models but also invoked in their operation." *Id.* at 974 n.15. Whether the evidence could support plaintiff's infringement theory was a question for summary judgment. *Id.* at 975.

Similarly, plaintiffs here have pleaded sufficient factual allegations to survive a motion to dismiss even though they have not specifically identified outputs substantially similar to their songs. The amended complaint alleges that Suno "structured its AI model to generate AI music designed to mirror the very songs it trains on" and provides 100 specific examples of Suno outputs that "closely imitate[] or replicate[] specific existing songs or artist identifiers." (Am. Compl. ¶¶ 253, 358). It also alleges comments by Suno's CEO "that Suno's model already has the ability to produce outputs that replicate real artists' vocals and songs." (*Id.* ¶ 326). It is a plausible inference that Suno's model has likewise created outputs that are substantially similar to plaintiffs' works. Whether plaintiffs can show such outputs after full discovery is a question for another day.[1] For that reason, the Court will not dismiss Count 2.

[1] Defendant further contends that because its AI tool is publicly available, plaintiffs may use it to attempt to discover infringing outputs. But whether plaintiffs can now use the AI tool to generate infringing outputs is a separate issue from whether the AI tool has ever been used by Suno to generate infringing outputs.

**B. <u>Violation of 17 U.S.C. § 1201(a)(1) (Count 3)</u>**

Count 3 asserts a claim under 17 U.S.C. § 1201(a)(1) of the Digital Millenium Copyright Act. That provision proscribes "circumvent[ing] a technological measure that effectively controls access to a [copyrighted] work." 17 U.S.C. § 1201(a)(1)(A). The complaint alleges that YouTube employs a "rolling cipher" technical measure to impede external access to its videos. (Am. Compl. ¶¶ 370-374). It contends that defendant used a "stream-ripping" tool to circumvent the rolling cipher and download plaintiffs' songs to train its AI model. (*Id.* ¶ 379). Defendant maintains that those allegations do not state a claim under § 1201(a) because the rolling cipher is not an "access control" within the meaning of the statute.

The Court recently addressed that same issue in *UMG Recordings, Inc. v. Suno, Inc.*, a similar lawsuit brought by major record companies. *See UMG Recordings, Inc. v. Suno, Inc.*, No. 24-cv-11611 (D. Mass. Aug. 18, 2026), Dkt. No. 271.[2] In that case, the Court found that allegations that Suno circumvented YouTube's rolling cipher to access copyrighted sound recordings plausibly stated a claim under § 1201(a)(1). Although "[t]he ultimate determination of whether Suno circumvented a technological measure that effectively controls access to plaintiffs' sound recordings will require a developed factual record on how the technological measure and circumvention tools work," *id.* at 1-2, "those issues must be resolved at a later day." *id.* at 12.

For the reasons stated in that memorandum and order, the amended complaint here plausibly states a claim under § 1201(a)(1). The Court will therefore deny defendant's motion to dismiss as to Count 3.

---

[2] Defendant acknowledges that the issue is the same. (Mem. Supp. Mot. 11, Dkt. No. 32 ("For the exact reason that the *UMG* plaintiffs' Motion to Amend is futile, Plaintiffs' section 1201(a) cause of action fails to state a claim . . . .")).

### C. Tennessee State-Law Claim (Count 4)

Count 4 of the amended complaint appears to asserts a claim for violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code. Ann. § 47-18-101 *et seq.* (Am. Compl. ¶¶ 476-485). Defendant seeks to dismiss that claim. In their opposition, plaintiffs contend that the citation to the TCPA was "inadvertent" and that they intended to assert a Tennessee common-law unfair competition claim. (Opp'n 24, Dkt. No. 33). They maintain that amending the complaint to "clarif[y] the intended legal theory" is warranted under Rule 15(a)(2). (*Id.* at 25). Plaintiffs have not, however, moved to amend the complaint.

An opposition to a motion to dismiss is not a proper vehicle by which a plaintiff may seek to amend a complaint. *See Finnegan v. Haaland*, 2021 WL 11660436, at *3 (D. Mass. Sept. 1, 2021) (citing *LaCasse v. Aurora Loan Servs., LLC*, 2016 WL 4535338, at *6 n.7 (D. Mass. Aug. 30, 2016)); *see also Ruivo v. Wells Fargo Bank, N.A.*, 766 F.3d 87, 91 (1st Cir. 2014) (affirming the dismissal of a common-law fraud claim that plaintiff advanced in an opposition to a motion to dismiss when the complaint invoked a statutory fraud claim). The complaint explicitly and repeatedly invokes a statutory claim under the relevant heading. (Am. Compl. ¶¶ 477, 483-485). Defendants were entitled to rely on that plain language in determining what claims plaintiffs were asserting. *See Ruivo*, 766 F.3d at 91.

The Court will not consider whether plaintiffs plausibly state a claim under Tennessee common law, as that theory is not in the amended complaint. And whether plaintiffs may nonetheless move to amend the complaint under Rule 15(a)(2) is not a question before the Court. The immediate question is whether the complaint states a claim for violation of the TCPA.

Defendant has moved to dismiss the TCPA claim for (1) being preempted by federal copyright law and (2) failing to meet the heightened pleading standard of Rule 9(b). Plaintiffs have not addressed those grounds for dismissal, as they contend that invoking the TCPA was a

mistake. They have therefore waived any objection to the dismissal of the TCPA claim. *See Ippolito v. City of Brockton*, 2026 WL 1785216, at *7 n.4 (D. Mass. June 22, 2026) (dismissing a claim plaintiff failed to address in his opposition to a motion to dismiss); *Doe v. Gavins*, 2023 WL 6296398, at *6 n.7 (D. Mass. Sept. 27, 2023) (same). Accordingly, the Court will grant the motion to dismiss Count 4.

## III. Conclusion

For the foregoing reasons, defendant's motion to dismiss the amended complaint is GRANTED as to Count 4 and otherwise DENIED.

**So Ordered.**

/s/ F. Denis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: August 20, 2026